IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN PORTERFIELD and ANITA PORTERFIELD, <br><br> Plaintiffs, <br><br> vs. <br><br> JP MORGAN CHASE, NA and DEUTSCHE BANK, NATIONAL TRUST COMPANY, <br><br> Defendants. | SA-12-CV-00815-DAE |

## ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint. (Dkt. # 98). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration, the Court hereby **DENIES** Plaintiffs' Motion. (Dkt. # 98.)

## ANALYSIS

Plaintiffs filed the instant Motion for Leave to File Second Amended Complaint on March 3, 2014. The amended complaint seeks to add facts and allege two new causes of action for fraud and violations of the federal Fair Debt Collection

Practices Act.   The scheduling order deadline for the amendment of pleadings has passed in this case.1

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend his pleading only with the opposing party's consent or the court's leave.   Fed. R. Civ. P. 15(a)(2).   The rule dictates that the "court should freely give leave when justice so requires."   Id.   However, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."   S&W Enters. L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003).   Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."   Fed. R. Civ. P. 16(b).   Good cause requires the party to "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."   S&W Enters., 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).   Thus, "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."   Id.

The Fifth Circuit has employed four factors to determine whether there is "good cause" in the context of untimely motions to amend pleadings: (1) the

---

1 The deadline to amend or supplement pleadings was February 10, 2013.   (Dkt. # 61.)

2

explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  Fahim v. Marriot Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008).

Here, the Court concludes that at least two factors weigh heavily against granting Plaintiffs' untimely request to amend.  First, the Court concludes that Plaintiffs have not shown good cause for their untimeliness.  Plaintiffs contend that Magistrate Judge Primomo, in his November 27, 2012 Memorandum and Recommendation on the Defendants' Motion to Dismiss, ordered the Plaintiffs to amend their complaint.  Because Magistrate Judge Primomo previously ruled that Plaintiffs should be allowed to amend their complaint, Plaintiffs argue, they should now be allowed to amend.  (See Dkt. # 98 at ¶ 6.)

Judge Primomo recommended that Defendants' Motion to Dismiss be granted as to some of Plaintiffs' claims and recommended that should the district court accept those recommendations, Plaintiffs "should be ordered to amend their complaint, omitting any claim that has been dismissed and further, re-pleading their causes of actions for violations of the TDCPA [Texas Debt Collection Practices Act] and unreasonable debt collection."  (Dkt. # 28 at 22.)  The amendment now filed by Plaintiffs—some sixteen months after Judge Primomo's Memorandum and Recommendation—does not seek to re-plea their TDCPA and unreasonable debt

3

collection claims, but rather seeks to add two <u>new</u> causes of action (i.e., fraud and the federal Fair Debt Collection Practices Act).  In any event, on September 4, 2013, this Court, in light of new discovery and to afford the parties the opportunity to settle the case, <u>vacated</u> the Memorandum and Recommendation that Plaintiffs now rely upon.  (Dkt. # 73.)

   Second, the potential prejudice to the Defendants in this case is high.  This case has been ongoing in this Court since August of 2012.  (Dkt. # 1.)  There are currently two motions for summary judgment pending, (<u>see</u> Dkt. ## 81, 92), and the scheduling order deadline for the amendment of pleadings passed over a year ago.  (See Dkt. # 61.)  In fact, the deadline for discovery is due at the end of this month on March 21, 2014.  (<u>See</u> Dkt. # 88.)  An amended complaint adding two new causes of action would likely require Defendants to conduct additional discovery.  <u>See</u> <u>S&W Enters.</u>, 315 F.3d at 536–37 (concluding that the prejudice factor weighed against amendment and noting "as [Plaintiff] would assert a different cause of action, [Defendant] would be required to conduct additional discovery"). And although there is no definite trial date set because the Court has previously granted the parties' Joint Motion to Continue Trial Setting (vacating the June 23, 2014 trial setting), the Court has provided that a trial date will be reset after the Court rules upon the parties' pending motions.  Granting Plaintiffs' Motion and allowing an amended complaint that adds two new causes of action would result in, at the very

least, a request from Defendants for an extension of the discovery deadline and the deadline to file dispositive motions in order to address Plaintiffs' new claims, and, at most, the mooting of the pending dispositive motions due to the superseding complaint. Either option would result in a further delay of trial in this case—a delay that the Plaintiffs have not shown "good cause" to justify.

## CONCLUSION

Given the length of time this case has been ongoing, the pending dispositive motions, and the failure of Plaintiffs to demonstrate "good cause" for why an amended pleading adding two new causes of action should be allowed at this late stage of the proceedings, the Court hereby **DENIES** Plaintiffs' Motion for Leave to Amend. (Dkt. # 98.)

IT IS SO ORDERED.

Dated: San Antonio, Texas, March 5, 2014.

_____
David Alan Ezra
Senior United States Distict Judge